IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-MJ-1241-RJ-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER ON PROBABLE CAUSE |
| | ) | AND DETENTION |
| | ) | |
| FRANKIE MAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary hearing on a charge contained in a criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142, to detain Defendant pending further proceedings. On September 21, 2023, Defendant was charged in a criminal complaint for conspiracy to distribute 40 grams or more of Fentanyl, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846. [DE-1].

At the hearing the government presented the testimony of Detective Brent Chavis of the Robeson County Sheriff's Office. Defendant presented the testimony of his brother-in-law, Lee Tom Jones, as a third-party custodian. The court has considered the hearing testimony, which the court finds corroborative of the affidavit in support of the complaint, as well as the pretrial services report, which was prepared by the Office of Pretrial Services and made available to the parties in advance of the hearing. The court finds Detective Chavis' testimony credible and sufficient to establish probable cause to support the charge contained in the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings on the grounds that he represents a danger to the community and a risk of nonappearance based on the following principal findings and reasons: (1)

the nature and circumstances of the offense charged and (2) the strength of the government's case; (3) Defendant's criminal history (including felony convictions, failures to appear, and allegedly committing the instant offense while on felony probation); and (4) for reasons stated in open court. The court has considered Mr. Jones' testimony in support of release but finds the evidence outweighed by that in favor of detention.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

So ordered, the 28th day of September 2023.

Robert B. Jones, Jr.
United States Magistrate Judge